IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| NELLIE CHRISTENSEN, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>TARGET, et al.,<br><br>Defendants. | MEMORANDUM DECISION<br><br>Case No. 2:13-cv-01136-CW-DBP<br><br>District Judge Clark Waddoups<br><br>Magistrate Judge Dustin B. Pead |

## I.   INTRODUCTION

This diversity class action matter was referred to the Court under 28 U.S.C. § 636(b)(1)(A). (Docket Nos. 4; 10.) Plaintiffs filed their original complaint on December 31, 2013. (Dkt. No. 2.) Plaintiffs filed their first amended complaint on March 3, 2014. (Dkt. No. 12.) Plaintiffs allege that Defendants unlawfully failed to prevent a data breach that exposed Plaintiffs' credit card information.

On February 12, 2014, Defendant Target moved to stay this matter pending a decision by the Judicial Panel on Multidistrict Litigation ("JPML") on whether to transfer this matter and eighty similar matters into a multidistrict litigation. (Dkt. No. 8.)

On February 20, 2014, Defendant Target filed an expedited motion to extend its deadline to respond to Plaintiffs' complaint. (Dkt. No. 10.) For the reasons set forth below, the Court **GRANTS** this motion.

## II. DEFENDANT TARGET'S EXPEDITED MOTION TO EXTEND RESPONSE DEADLINE

"When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . before the original time . . . expires . . . ." Fed. R. Civ. P. 6(b)(1)(A). Pursuant to this rule, Defendant Target moves to extend its deadline to respond to Plaintiffs' complaint until at least thirty days after the Court rules on its pending motion to stay. (Dkt. No. 10.)

Defendant Target fears that its deadline to respond to Plaintiffs' complaint may expire before the Court rules on its motion to stay. (*Id.* at 2.) If this occurs, the purpose behind the motion to stay will be "frustrated" because Defendant Target will have to respond to the complaint before the Court "might otherwise stay the [a]ction . . . ." (*Id.*) Therefore, Defendant Target seeks to extend its response deadline "[t]o avoid that frustration, to afford this Court adequate time to decide [the] [m]otion to [s]tay, and to allow the JPML the time it may need to . . . make a determination as to which federal district court to transfer this [a]ction . . . ." (*Id.*)

Plaintiffs oppose Defendant Target's expedited motion. (Dkt. No. 13.) They argue against an "open ended extension of time [to respond] depending upon action taken by the JPML." (*Id.* at 3.) However, Plaintiffs "ha[ve] no objection to" granting Defendant Target an extension until April 2, 2014 to respond to the complaint. (*Id.*)

In the Court's opinion, Defendant Target does not seek an open ended response extension. Instead, it seeks a concrete thirty day extension from the date this Court rules on the pending motion to stay. The Court agrees with Defendant Target that granting such an extension will give the Court more time to thoroughly consider the motion to stay. As such, the Court believes good cause justifies granting Defendant Target an extension.

### III.     ORDERS

For the reasons stated above, the Court **GRANTS** Defendant Target's expedited motion to extend its deadline to respond to Plaintiffs' complaint until **thirty (30) days** after the Court rules on the pending motion to stay. (Dkt. No. 10.)

Dated this 12th day of March, 2014.    By the Court:

_____
Dustin B. Pead
United States Magistrate Judge